IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02156-BNB

JAMES ROHRS,

    Plaintiff,

v.

DENVER SHERIFF DEPART,
DEPUTY WESTING, of the Denver Sheriffs Dept,
DENVER HEALTH,
(UNKNOWN) PARAMEDICS, morning of 7-23-2012, emergence room, and
(UNKNOWN) DR. OF DENVER HEALTH, morning of 7-23-2012, emergency room,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, James Rohrs, is in custody at the Denver County jail in Denver, Colorado. He initiated this action on August 15, 2012, by filing *pro se* a Prisoner Complaint and two Prisoner's Motions and Affidavits for Leave to Proceed Pursuant to 28 U.S.C. § 1915 based on his inability to pay the filing fee in this action. He has been granted leave to proceed *in forma pauperis*.

The Court must construe the Complaint liberally because Mr. Rohrs is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rohrs will be ordered to file an amended complaint.

Mr. Rohrs alleges in the Complaint that he was admitted to the Denver Health and Hospital Authority (Denver Health) on July 23, 2012, because he was having chest

pains.  In his first claim, he asserts that a paramedic "manhandled" him, strapped him to a gurney, jumped on Mr. Rohr's back and "blew the I.V. purposely".  As his second claim, he asserts that the emergency room doctor at Denver Health treated him with medications that he was allergic to, failed to protect him from assaults by the staff, and failed to treat his injuries properly.  As his third claim, he alleges that he notified a Denver Health "advocate" about the incident on July 23, 2012, but that the advocate failed to investigate in order to protect the doctor and the paramedic. The Court will construe Mr. Rohr's claims as asserting that his Eighth Amendment right to be free from cruel and unusual punishment was violated.  As relief, Mr. Rohrs requests damages in addition to injunctive relief.

   As a preliminary matter, Mr. Rohrs's Complaint is deficient because the Denver Sheriff's Department is not a "person" subject to suit under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Accordingly, Plaintiff's claims against the Denver Sheriff's Department will be construed liberally as claims against the City and County of Denver ("Denver").

   A local government entity such as Denver is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  A plaintiff seeking to hold a municipality or county liable for his injuries under 42 U.S.C. § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of*

*County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).   Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.   *See Monell*, 436 U.S. at 694.

Plaintiff's Eighth Amendment claim against Denver Health is also governed by the *Monell* standard.   Pursuant to Colorado Revised Statute § 25-29-103(1), Denver Health and Hospital Authority, is a political subdivision of the state that operates the health system.   Denver Health may therefore be sued for alleged civil rights violations by its employees pursuant to 42 U.S.C. § 1983 if those actions were taken pursuant to an official policy or custom. *See Villalpando v. Denver Health & Hosp. Auth.*, No. 01-1450, 65 F. App'x 683, 686-87 (10th Cir. April 14, 2003) (generally observing that Denver Health and Hospital Authority is a "person" subject to municipal liability under § 1983).

To the extent Mr. Rohrs seeks to hold any individuals liable under § 1983, he must name such individuals in the caption of the Complaint and allege facts in the text of the Complaint to show each individual defendant's personal participation in a deprivation of his constitutional rights. *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   Moreover, a supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).   Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201

("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisors cannot be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Therefore, Mr. Rohrs will be ordered to file an amended complaint that names only proper parties and sets forth the personal participation of each defendant if he wishes to pursue his claims in this action. Accordingly, it is

FURTHER ORDERED that Plaintiff, James Rohrs, file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the directives in this Order. It is

FURTHER ORDERED that Mr. Rohrs shall obtain the Court-approved Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Rohrs fails to file an amended complaint

**within thirty (30) days from the date of this order**, the Complaint and the action will be dismissed without further notice.   The dismissal shall be without prejudice.

DATED at Denver, Colorado, on August 20, 2012.

               BY THE COURT:

               *s/Craig B. Shaffer*
               Craig B. Shaffer
               United States Magistrate Judge